UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEBRA E. MILAM,**

    **Plaintiff,**

v.                                                                      **Case No: 5:15-cv-534-Oc-10PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff appeals the administrative decision denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

    **I. BACKGROUND**

Plaintiff filed an application for SSI and DIB benefits, alleging disability beginning February 1, 2006. (Tr. 325–29, 330–31, 366). The claim was denied initially and upon reconsideration. (Tr. 126–28, 129–31, 135–36, 137–39). At Plaintiff's request, a hearing was held before an administrative law judge who, in April 2009, found that Plaintiff was not disabled. (Tr. 62–74). After the Appeals Council denied her request for review, Plaintiff appealed to this

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Court. (Tr. 75–79). The Court then granted the Commissioner's unopposed motion to remand this case for further administrative proceedings. (Tr. 80–84).

After a second administrative hearing in September 2011, an administrative law judge found that Plaintiff was not disabled. (Tr. 96–119, 266–86). But the Appeals Council remanded the case back to the administrative law judge. (Tr. 120–24). A third hearing was held in February 2013 where that administrative law judge found that Plaintiff was disabled beginning on July 2, 2010. (Tr. 1–27).

Plaintiff then appealed that partially favorable ruling and this Court reversed and remanded the case back to the Commissioner. (Tr. 1340–57). In doing so, the Court stated that the Commissioner should "[r]eevaluate the evidence of record, especially evidence pre-dating July 2, 2010, and reconsider whether Plaintiff became disabled on that date or on some other date." (Tr. 1357).

So, upon that remand Plaintiff received a fourth hearing before Administrative Law Judge Edgardo Rodriguez-Quilichini (the "ALJ") in February 2015. (Tr. 1268–97). The ALJ issued a partially-favorable decision and found that Plaintiff became disabled on March 26, 2014—a disability date later than previously determined. (Tr. 1235–67). That decision is at issue here.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 1243). At step two, the ALJ determined that Plaintiff had the following severe impairments: back disorder (cervical spondylosis and degenerative disc disease of the lumbar spine), bilateral shoulder degenerative joint disease, chronic pain syndrome, history of right knee arthropathy, hearing loss, chronic obstructive pulmonary disease, gastroesophageal reflux disease, status post left hand carpal tunnel syndrome release in 2011, migraines, depressive

disorder, anxiety-related disorder, history of polysubstance abuse (in remission), and tobacco dependence. (Tr. 1243).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1243–45). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b),

> except the claimant can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. She needs to alternate sitting and standing positions at will but for short intervals of one to two minutes without leaving the workstation. She could occasionally climb stairs, balance, and stoop, kneel, crouch and crawl occasionally, but should never climb ladders or scaffolds. Reaching overhead would be limited to occasionally. This person must avoid moderate exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dusts, and gases. She must avoid exposure to vibration, unprotected heights and hazardous machinery. With regard to hearing capability, this individual would be limited to have occasional hearing. Her work would be limited to simple, routine, and repetitive tasks. This person should have no interaction with the general public unless it is merely superficial, and only occasional interaction with coworkers.

(Tr. 1245–55). At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. (Tr. 1255).

At step five the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform *prior to March 26, 2014*—the light-work occupations of merchandise marker and tagger and the sedentary work of optical assembler. (Tr. 1255–56).

But the ALJ found that based on Plaintiff's age category she is disabled starting March 26, 2014. (Tr. 1256). Thus the ALJ found that Plaintiff was not disabled prior to March 26, 2014.

(Tr. 1257).   After the Appeals Council declined to review the partially-favorable decision, see (Tr. 1236), Plaintiff filed the instant appeal.   (Doc. 1).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.   *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a

contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

On appeal, Plaintiff raises three issues: (1) whether the ALJ erred by finding that Plaintiff did not meet a listed impairment, (2) whether the RFC assessment is supported by substantial evidence and (3) whether *res judicata* bars the finding that Plaintiff was not disabled prior to March 24, 2014. For the reasons explained below, I find no error.

### A. Substantial Evidence supports the ALJ's finding that Plaintiff did not meet a listed impairment

First, Plaintiff asserts in a single sentence that substantial evidence shows that she suffers from an intellectual disability. (Pl.'s Br. at p. 27). But I cannot say that the ALJ erred on this basis.

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity. By meeting a listed impairment or otherwise establishing an equivalence a plaintiff is presumptively determined to be disabled regardless of his or her age, education, or work experience. Thus an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *See Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984). At this stage of the evaluation process, however, the burden is on the plaintiff to prove that he or she is disabled. *See Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987). In this Circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. *See Bell*, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not

enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

Here, as Defendant notes, Plaintiff fails to state when she has asserted (if at all) the existence of an intellectual disability prior to this appeal.[2] When a plaintiff fails to allege an impairment in his or her application or at his or her hearing (or multiple hearings as here), the ALJ has no duty to consider that impairment. *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010).

Also, under 20 C.F.R. pt. 404, Subpt. P., App. 1, §§ 12.00A, 12.05(A–D), Plaintiff has failed to present any evidence showing that she suffers from an intellectual disability; that is, she has failed to meet her burden. Subsections B, C, and D of 12.05 all require a valid full scale IQ test of at least seventy or under, yet Plaintiff has presented no evidence of such an IQ score.[3] And sub-section A of 12.05 requires a showing of "[m]ental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded," but Plaintiff is certainly *not* dependent on others for her personal needs. *See* (Tr. 389–91). Thus substantial evidence supports the ALJ's finding that Plaintiff does not meet a listed impairment.

---

[2] Based on the Court's own review of the record—a record that is admittedly quite long—it appears that this is the first time that Plaintiff has asserted that she suffers from an intellectual disability: she did not assert any functional intellectual disability in her application to the SSA (Tr. 371) (alleging only memory loss, depression, panic attacks, and migraines); during her October 2008 hearing (Tr.1305–06) (alleging only migraines, hallucinations, and memory problems); during her September 2011 hearing (Tr. 272–76) (alleging only depression and hallucinations); during her February 2013 hearing (Tr. 33–34, 36–38, 42) (alleging only depression and anxiety); during her February 2015 hearing (Tr. 1277, 1279–80, 1282, 1293) (alleging only depression, headaches, and memory problems). In any event, Plaintiff does not point to any part of the record to show when or if she previously asserted this argument.

[3] She only notes her poor elementary school performance, her placement in special education classes, and how she dropped out of school in eighth grade. (Pl.'s Br. at pp. 12–13, 27).

**B. Substantial evidence supports the RFC assessment**[4]

In a single page of her brief, Plaintiff summarily raises several issues related to the ALJ's RFC assessment. (Pl.'s Br. at p. 27). I will address these issues in the order that she briefs them. But as an initial matter, I note that Plaintiff fails to point to any part of the RFC assessment that is purportedly erroneous; that is, she does not elaborate on what disabling or additional limitations, if any, that the RFC fails to account for. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that he [or she] is disabled, and, consequently, [the claimant] is responsible for producing evidence in support of his [or her] claim.").

First, Plaintiff argues that the ALJ failed to consider a February 22, 2006 MRI read by Edson G. Cortes, M.D. (Tr. 595–96). In reading the MRI the doctor concluded that there was "[n]o acute intracranial process or space occupying lesion." But he also found patchy white matter disease and stated that "[i]n a patient of this age, the finding is nonspecific. Given the history of migraine headaches and visual changes, a vasculopathy is favored. Other causes of white matter disease, while less likely, could result in a similar appearance." Dr. Cortes recommended follow-up studies. As a threshold matter, the ALJ explicitly *addressed and summarized* Dr. Cortes's findings, along with subsequent MRI studies. (Tr. 1249–50). After addressing Dr. Cortes's findings, the ALJ stated that follow-up studies showed "little change since" the February 2006 MRI; no intracranial cerebral aneurysm; and a stable, yet abnormal white matter focal. (Tr. 859, 985–86, 1036, 1196, 1250). Further, Plaintiff does not argue how any of these findings show that

---

[4] To be sure, Plaintiff does not frame her challenge this way; that is, she does not state that the RFC assessment is not support by substantial evidence. Instead, she argues that the March 26, 2014 onset date is not supported by substantial evidence. (Pl.'s Br. at 1, 22, 27). Still, Plaintiff does challenge the ALJ's determination that she can work prior to March 26, 2014, and that determination derives directly from the RFC assessment. Accordingly, I will construe Plaintiff's argument as a challenge to the RFC itself.

she has disabling or additional limitations not accounted for in the RFC.  *Ellison*, 355 F.3d at 1276.  Thus the ALJ did not err in considering Dr. Cortes's findings.

Next, Plaintiff notes that though she suffers from severe depression, "her audio and visual hallucinations show to be schizoaffective."  As to her claim of a schizoaffective disorder, like her claim of an intellectual disability, she fails to show that she has raised this impairment at any time before this appeal.  *Robinson*, 365 F. App'x at 995.  Further, although Plaintiff has reported hallucinations (Tr. 620–21, 712–13), she does not point to any actual diagnosis of a schizoaffective disorder nor does she otherwise explain why such hallucinations render her disabled.  And even if Plaintiff had presented an actual diagnosis of a schizoaffective disorder, which she has not, that would not be enough.  *Heller v. Colvin*, No. 3:13-CV-1494-J-JRK, 2015 WL 78142, at *4 (M.D. Fla. Jan. 6, 2015) (noting that the plaintiff's "diagnosis alone says nothing about the functional impact of [her] schizoaffective disorder").

As to her severe depression, Plaintiff does not state what error (if any) that the ALJ committed in considering this impairment.  But what is clear is that the ALJ thoroughly considered the evidence of depression: the ALJ noted Plaintiff's treatment history (Tr. 1252–53); how her credibility on the severity of her symptoms was undermined by her well-documented use of controlled substances (Tr. 620–21; 712–13), her medication non-compliance (Tr. 620), and her robust activities of daily living (Tr. 388–92; 444–51).  The ALJ further noted that Plaintiff was at one point her grandson's primary caregiver and she desired custody of him (Tr. 893, 1216); the ALJ gave great weight to the opinions of two state-agency consulting psychologists, both of whom found that Plaintiff could complete simple tasks and work (and Plaintiff does not take issue with those opinions) (603, 666); the ALJ also noted that Plaintiff has not "required recurrent psychiatric

hospitalizations or more extensive psychiatric treatment for her mental complaints," which is inconsistent with the purported severity of her complaints.  (Tr. 1252–53).

Finally, Plaintiff notes her migraine headaches and back pain.  First, she merely notes that she suffers from these aliments; she fails to explain how the ALJ erred in considering them.  As to her back pain, the ALJ noted the largely unremarkable laboratory findings.  (Tr. 600, 643–44, 835, 854–55, 973, 1004, 1014–17, 1040–45, 1069–70, 1193–94, 1247).  Further, physical examinations also showed normal findings.  (Tr. 776, 779, 788, 795, 838, 843, 849, 920, 1054, 1247).  Importantly, the ALJ found that the opinion evidence—evidence that Plaintiff does not take issue with—indicated that Plaintiff could lift up to fifty pounds, sit about six hours a day, and pull and push without limitation.  (Tr. 669, 1251).

Turning to Plaintiff's migraines, as mentioned *supra* the ALJ addressed and summarized Plaintiff's MRIs, which indicated patchy white matter disease but failed to show any intracranial cerebral aneurysm or progression of the disease.  (Tr. 595–96, 859, 985–86, 1036, 1196, 1249–50).  A brain CT scan showed negative findings.  (Tr. 1073, 1077, 1250).  At one point in her treatment, Plaintiff denied having any headaches (Tr. 1170, 1250) and she has stated that, besides her knee pain, she was doing well (Tr. 1158, 1250); the record also reflects that medication reasonably controlled what pain she did have (Tr. 1054–55, 1250).  More to the point, the ALJ even requested that Plaintiff, through her counsel, provide pre-hearing briefing on why she is disabled as of February 2006 (the alleged on-set date).  But according to the ALJ the evidence of record fails to show any migraine treatment before February 2006, and an MRI done at that time was unremarkable.  (Tr. 595, 1254).

Accordingly, I submit that the RFC is supported by substantial evidence.

### C. The RFC assessment is not barred by *res judicata*

Plaintiff argues that because she was previously found to be disabled as of July 2, 2010, the ALJ erred by determining that she did not become disabled until March 26, 2014. Specifically, she asserts that the ALJ's decision to depart from the previously determined July 2010 disability date is arbitrary and capricious, an abuse of discretion, violates her due process rights, and is barred by *res judicata*. (Pl.'s Br. at pp, 22–26). But the ALJ was free to determine any date of disability as long as substantial evidence supported the date.

To begin with, *res judicata* cannot apply here. The previous administrative decision that Plaintiff seeks refuge under, the February 6, 2013 decision (Tr. 1–27), was reversed and remanded by this Court (Tr. 1340–57). As a general matter, "[a]dministrative *res judicata* applies when the agency has made a "previous determination or decision . . . about a claimant's rights on the same facts and on the same issue or issues, and this previous determination or decision ha[s] become final by either administrative or judicial action." *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (quoting 20 C.F.R. § 404.957(c)(1)) (brackets omitted). A decision that is reversed is not a final judgment on the merits. *Atkins v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 864, 868 (11th Cir. 2015); *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992) ("'A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel. The same is true, of course, of a judgment vacated by a trial court.'") (quoting 1B James W. Moore et al., Moore's Federal Practice ¶ 0.416[2], at 517 (2d ed. 1992)); *Angle v. Colvin*, No. 4:13-CV-738-RDP, 2016 WL 4180878, at *6 (N.D. Ala. Aug. 8, 2016) ("A vacated ruling is not a final judgment on the merits of the case."). So, the prior determination that Plaintiff was disabled as of July 2010 that was reversed is not a final judgment and does not provide Plaintiff with a basis to assert *res judicata*.

Further, when the district court remanded Plaintiff's case back to the SSA, the Court did not preclude the SSA from determining a date of disability different from—or even later than—July 2010. Indeed, the Court reversed the Commissioner's decision that Plaintiff was disabled on July 2, 2010 and remanded so the SSA could "[r]eevaluate the evidence of record, especially evidence pre-dating July 2, 2010, and reconsider whether Plaintiff became disabled on that date *or on some other date*." (Tr. 1357) (emphasis added). As shown, the Court did not limit the SSA's ability to determine a later onset date. In other words, this is not an instance where a plaintiff appealed a partially unfavorable decision and the Court then limited the scope of review to only the unfavorable portion upon remand. *See Rainey v. Comm'r of Soc. Sec.*, No. 5:15-CV-536-OC-PRL, 2016 WL 3193474, at *3 (M.D. Fla. June 9, 2016) (limiting the scope of the review when granting the Commissioner's *voluntarily* motion to remand under sentence four); *Shaff v. Comm'r of Soc. Sec.*, No. 6:15-CV-1350-ORL-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016) (same).

As to Plaintiff's remaining claims that the ALJ's decision is arbitrary and capricious, an abuse of discretion, and a violation of her due process rights, I disagree. First, as set forth *supra* the ALJ's decision is not arbitrary and capricious or an abuse of discretion in as far as it is supported by substantial evidence. Further, given that *res judicata* does not apply here, I cannot find any abuse of discretion or a due process violation on this ground. And to the extent that Plaintiff argues that the SSA has deprived her of due process in some other way (or abused its discretion in some other way), she does not point to or otherwise identify the basis for that assertion. Thus I submit that the ALJ did not err by finding a disability date later than July 2010.

- 12 -

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**RECOMMENDED** in Ocala, Florida on January 5, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties